# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ROSS ORTA,

    Plaintiff,

vs.                                               Case No. 4:09cv38-MP/WCS

G. WELLHAUSEN,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 17. The amended complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff alleges that he was issued a disciplinary report and was found guilty of the charge. Doc. 7. It is unknown what punishment was imposed, but Plaintiff alleges that he filed an appeal to the Office of the Secretary, claiming that all disciplinary reports issued to inmates in solitary confinement are "prewritten Disciplinary reports where the only information necessary to complete them is the particular inmate's personal information . . . ." *Id.* Plaintiff claims that this violates a Department rule concerning

substance of the "statement of facts" for a disciplinary report. *Id.* Plaintiff's appeal was denied. Defendant Wellhausen denied the appeal and advised Plaintiff that the rules do not mandate "that the statement of facts in Disciplinary reports for more than one inmate cannot be the same." *Id.*

Plaintiff's claim against the Defendant is insufficient to state a claim. Plaintiff has not alleged anything more than disagreement with the Department's interpretation of a rule. Plaintiff has not shown that his own due process rights have been violated.

It is true that prisoners may "claim the protections of the Due Process Clause." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L. Ed. 2d 935 (1974). However, due process exists to protect a liberty interest. As Plaintiff has not asserted deprivation of a liberty interest because he does not allege that gaintime was taken, nor has he presented a claim based on an "atypical, signification deprivation," there is no trigger to bring in the protections of the Due Process Clause. Therefore, these claims should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

To the extent that Plaintiff *might* have lost gaintime as a result of the disciplinary report, but failed to so allege, the claim has not yet arisen and is not ripe for review. Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). A claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck, 114 S.Ct. at 2372. To recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or called into

question by a federal court's issuance of a writ of *habeas corpus*. *Id*. Until a plaintiff's conviction or sentence has been overturned, a claim under § 1983 has not yet arisen. *Id.* at 2373.

Heck has been extended explicitly to the prison disciplinary setting in Edwards v. Balisok, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), where the Court held that in the context of a prison disciplinary hearing, a prisoner's claim alleging deceit and bias on part of the disciplinary hearing officer necessarily implies invalidity of good-time credits. 117 S.Ct. 1584, 1589. Therefore, based on Heck, the Court concluded that a claim for money damages resulting from defects in a prison disciplinary hearing which resulted in the loss of goodtime credits is not cognizable under § 1983. Accordingly, Plaintiff may not seek to collaterally challenge the results of the disciplinary hearing through this action.

Regardless of the gain time credits issue, Plaintiff has not shown a due process violation in the fact that the wording can be the same on disciplinary reports issued to inmates. If the inmate is charged with creating a disturbance such that force had to be applied, it matters little whether the wording on a report is the same. Plaintiff has more than 24-hours notice before a hearing of the substance of the charge, he is aware of when and where it is alleged to have happened, Plaintiff is able to present evidence in his own behalf to refute the charge, Plaintiff may receive assistance if desired, and he receives a written statement of the evidence relied upon by an impartial committee in reaching their decision. Plaintiff has not alleged a violation of any of those rights and, thus, he received all the due process due to him. Wolff v. McDonnell, 418 U.S. 539, 564-71, 94 S.Ct. 2963, 2978-82, 41 L.Ed.2d 706 (1974).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 17, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on September 30, 2009.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**